JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-980 JGB (KKx)** | Date | March 10, 2021 |
|---|---|---|---|
| Title | ***Vanessa Camacho v. Hydroponics, Inc. and Canop Holdings, Inc.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:      **Order (1) GRANTING-IN-PART AND DENYING-IN-PART Defendants' Motions to Dismiss or Stay (Dkt. Nos. 50, 51); and (2) VACATING the March 15, 2021 Hearing (IN CHAMBERS)**

Before the Court are two Motions to Dismiss or Stay filed by Defendants Hydroponics, Inc. ("Hydroponics") and Canop Holdings, Inc. ("Canop") (collectively "Defendants"). ("Hydroponics Motion," Dkt. No. 50; "Canop Motion," Dkt. No. 51; collectively "Motions.") The Court finds the Motions appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS-IN-PART and DENIES-IN-PART the Motions. The Court vacates the hearing set for March 8, 2021.

## I.   BACKGROUND

On May 6, 2020, Plaintiff Vanessa Camacho ("Plaintiff") filed a putative class-action complaint against Hydroponics. (Dkt. No. 1.) The Court denied Hydroponics's Motion to Stay on September 22, 2020. (Dkt. No. 31.) On December 21, 2020, Plaintiff filed a First Amended Complaint on behalf of a putative class, alleging one cause of action against both Defendants for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). ("FAC," Dkt. No. 39.)

Defendants moved to stay or dismiss on January 25, 2021. Additionally, Canop filed a Request for Judicial Notice, attaching the following documents:

- Appellant's Opening Brief, <u>Perez v. Rash Curtis & Associates</u>, No. 20-15946 (9th Cir. Nov. 24, 2020) ("<u>Perez</u>") (Dkt. No. 51-4);
- Motion of Facebook, Inc. for Leave to File Out of Time Brief as Amicus Curiae in Support of Appellant, <u>Perez</u> (Dkt. No. 51-5); and
- General Docket in <u>Perez</u>.

("RJN," Dkt. No. 51-2.)[1] Plaintiff opposed on February 15, 2021. ("Opposition," Dkt. No. 52.) Defendants replied in support of the Motions on February 22, 2021. ("Canop Reply," Dkt. No. 53; "Hydroponics Reply," Dkt. No. 54.)

Plaintiff alleges that Canop, a marketing company, sent Plaintiff's cell phone unsolicited text messages advertising and authorized by Hydroponics beginning on September 18, 2019, using an automatic telephone dialing system in violation of the TCPA. (FAC ¶¶ 15-16, 26, 32.)

## II.   LEGAL STANDARD

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936); <u>see also</u> <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing <u>Landis</u>). The inherent power to stay includes ordering a stay "pending resolution of independent proceedings which bear upon the case." <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593 F.2d 857, 863 (9th Cir. 1979).

Where a stay is considered pending the resolution of another action, the court need not find that two cases possess identical issues; a finding that the issues are substantially similar is sufficient to support a stay. <u>See</u> <u>Landis</u>, 299 U.S. at 254. In deciding whether to grant a stay, a district court must weigh the competing interests that will be affected. <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962); <u>see also</u> <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1110 (9th Cir. 2005) (affirming and applying the framework set forth in <u>CMAX</u>). The competing interests include (1) the damage that may result from granting a stay; (2) the hardship or inequity a party

---

[1] "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." <u>Id.</u> at (b). Defendant requests that the Court take notice of pertinent filings in <u>Perez</u>. (RJN.) These documents are directly relevant to the present Motion and are in the public record. Courts routinely take notice of these types of documents. <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986) (finding matters of public record outside the proceeding such as motions filed in other cases proper subjects of judicial notice); <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs, transcripts, and various other court filings from related case). Accordingly, the Court GRANTS Defendant's Request for Judicial Notice.

may suffer if required to proceed in the litigation; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." <u>CMAX, Inc.</u>, 300 F.2d at 268.

## III.  DISCUSSION

Defendants urge this Court to find that it lacks subject matter jurisdiction over Plaintiff's claims because the TCPA was allegedly facially unconstitutional at the time Plaintiff's claims accrued. (Canop Motion at 3.)  Alternatively, Defendants urge the Court to stay the proceedings in this case pending the outcome of <u>Perez</u>, currently before the Ninth Circuit.  (Canop Motion at 13.)  Ordinarily, this Court would adjudicate the threshold question of subject matter jurisdiction first.[2]  However, because the Court finds that the Ninth Circuit's holding in <u>Perez</u> will be dispositive as to whether it has subject matter jurisdiction, it finds it prudent to stay the case pending the outcome of <u>Perez</u>, as discussed below.

### A.    <u>Perez</u> and Related Caselaw

Title 15 U.S.C. § 1116(d)(1)(B) of the TCPA prohibits almost all robocalls to cellphones. In 2015, Congress amended this robocall restriction to allow robocalls made to collect a debt owed to or guaranteed by the United States.  <u>See Barr v. Am. Ass'n of Political Consultants, Inc</u>, 140 S. Ct. 2335, 2341 (2020) ("<u>AAPC</u>") (summarizing legislative history of the TCPA and its amendments).  In 2020, the Supreme Court in <u>AAPC</u> struck down the government-debt portion of the robocall restriction as an unconstitutional restriction on free speech.  <u>Id.</u> at 2343. Additionally, the <u>AAPC</u> Court concluded that the government-debt portion of the robocall restriction was severable from the rest of the robocall restriction.  <u>Id.</u>  In other words, the TCPA's robocall restrictions prior to 2015 had been and remained constitutional.  However, the <u>AAPC</u> Court left open the question of whether non-political robocalls had been legal between 2015 (when the TCPA became unconstitutional through the addition of the government debt exception) and July 6, 2020 (when the Court brought the TCPA back into compliance with the First Amendment by severing the government debt exception).  <u>See AAPC</u>, 140 S. Ct. at 2355 n. 12 (a plurality of the Court suggested that "our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction").

Defendants would have this Court hold that the government-debt exception rendered the entire robocall provision of the TCPA unconstitutional between 2015 and 2020 and therefore find that this Court does not have subject matter jurisdiction over Plaintiff's claim.  District

---

[2] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Ex parte McCardle</u>, 7 Wall. 506, 514, 19 L.Ed. 264 (1868).  Thus, the Court must ordinarily address any jurisdiction questions first, before reaching the merits of a motion or case.  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 101 (1998).

courts nationwide have split on this question.  See, e.g., Shen v. Tricolor California Auto Grp., LLC, No. CV 20-7419 PA (AGRX), 2020 WL 7705888, at *5 (C.D. Cal. Dec. 17, 2020) (concluding that the government-debt-collection exception did not affect the constitutionality of the rest of the TCPA between 2015 and 2020); Trujillo v. Free Energy Sav. Co., LLC, No. 5:19-CV-02072-MCS-SP, 2020 WL 8184336, at *5 (C.D. Cal. Dec. 21, 2020) (same); but see, e.g., Creasy v. Charter Commc'ns, Inc., No. CV 20-1199, 2020 WL 5761117, at *2 (E.D. La. Sept. 28, 2020) (finding entire TCPA unconstitutional between 2015 and 2020); Lindenbaum v. Realgy, LLC, No. 1:19 CV 2862, 2020 WL 6361915, at *7 (N.D. Ohio Oct. 29, 2020) (same).

The Ninth Circuit is poised to become the first court of appeals to decide this issue.  In Perez, the Ninth Circuit will decide whether damages can be entered against a defendant in a non-government debt robocall case under the TCPA for actions taken between 2015 and 2020. The parties have filed opening and answering briefs, and the reply brief is due March 29, 2021. (Perez Dkt. Nos. 12, 27, 30.)

**B.      Motion to Stay**

The Court finds that the CMAX/Lockyer factors support a stay.

Plaintiff may suffer some harm from a stay.  Plaintiff alleges that a stay pending the outcome of Perez "could result in the irretrievable loss of critical evidence." (Opposition at 17.) Defendants, however, counter that they "are under strict data retention and preservation obligations while this litigation is ongoing," and therefore Plaintiff will not be injured by a stay.[3] (Hydroponics Reply at 6.)  Luckily, however, Plaintiff proposes a solution: that if the Court stays this action, it permit class discovery and a class certification motion to proceed.  An attenuated stay may well impact the quality of evidence available on the identities of class members. However, the Court also finds that Plaintiff has identified an appropriate solution.  The Court therefore GRANTS Plaintiff's request to proceed with discovery as to identities of class members only.  However, the Court DENIES Plaintiff's request to proceed with a Motion for Class Certification.  With this modification, the Court finds that this factor is neutral as to a stay.

Defendants argue that they will face hardship absent a stay because they will be "forced to litigate within the framework of an uncertain and potentially dispositive legal standard." (Hydroponics Motion at 19.)[4]  Plaintiff responds that "the time and expense of litigating this case" is an insufficient basis to stay proceedings.  (Opposition at 18.)  Each party identifies voluminous caselaw in support of its position, as different courts treat this factor quite

---

[3] Defendants further argue that Plaintiff cannot be serious about the discovery delay because she waited eight months to request a Rule 26(f) conference.  The Court finds this argument unavailing; Defendants have equally delayed discovery through multiple rounds of motions practice.

[4] Because Hydroponics and Canop make identical arguments in these sections, the Court cites only to the Hydroponics Motion.

differently.  This Court finds Plaintiff is correct that the time and expense of litigation <u>alone</u> does not merit a stay.  But the cost of litigation may favor a stay in combination with other factors, as Plaintiff's cited cases explain.  The Court therefore finds that this factor is neutral as to a stay.

Finally, Defendants argue that a stay favors the orderly course of justice, because <u>Perez</u> will control this case.  (Hydroponics Motion at 22.)  Staying this action, therefore, will allow the Court to avoid deciding a thorny issue of Constitutional law and, potentially, redoing months of litigation if the Ninth Circuit interprets that law differently.  Plaintiff argues that <u>Perez</u> will have no bearing on this case <u>if</u> the Ninth Circuit "find[s] that subject matter jurisdiction exists for TCPA claims arising prior to the statute's severance."  (Opposition at 19.)  Plaintiff argues, in other words, that <u>Perez</u> will not impact this case if <u>Perez</u> comes out the way Plaintiff would like.

Defendants have the better argument.  They demonstrate that this Court has previously found this factor particularly weighty.  <u>See, e.g.</u>, <u>Small v. GE Capital, Inc.</u>, No. EDCV152479JGBDTBX, 2016 WL 4502460, at *3 (C.D. Cal. June 9, 2016) (staying a TCPA action pending a forthcoming Court of Appeals decision because "further litigation absent a ruling may be unnecessary and will require both parties and the Court to spend substantial resources").  And Plaintiff's argument is difficult to comprehend.  A decision by the Ninth Circuit on whether subject matter jurisdiction exists in this circumstance will certainly impact the current Motion to Dismiss for lack of subject matter jurisdiction.  The Court finds this factor dispositive and GRANTS the Motion to Stay.

## IV.   CONCLUSION

For the reasons above, the Court GRANTS-IN-PART and DENIES-IN-PART Defendants' Motions and STAYS this action pending the resolution of <u>Perez v. Rash Curtis & Associates</u>, No. 20-15946 (9th Cir.).  In the interim, Plaintiffs may conduct discovery as to the identity of class members only.  Defendants are ordered to file a status report within ten days of an opinion in <u>Perez</u>.  The March 15, 2021 hearing is VACATED.

**IT IS SO ORDERED.**